Cornelius MALONE, Plaintiff–
Appellant,

v.

WINDSOR CASINO LTD., et al.,
Defendants–Appellees.

No. 99–2273.

United States Court of Appeals,
Sixth Circuit.

July 23, 2001.

Before KEITH, SILER and CLAY, Circuit Judges.

PER CURIAM.

This is an appeal from the dismissal of a personal injury action for lack of personal jurisdiction. On November 19, 1997, plaintiff-appellant Cornelius Malone, a Michigan resident, fell while playing blackjack at Windsor Casino, LTD. ("Windsor Casino"), a Canadian entity. On November 12, 1998, plaintiff filed his complaint in the district court against Windsor Casino, Ontario Casino Corporation, and the Art Gallery of Windsor, all Canadian defendants. In his complaint, plaintiff alleged "jurisdiction of [the district court] pursuant to 28 U.S.C. [§ ] 1332(a)(2)." Plaintiff failed to allege personal jurisdiction.

On December 17, 1998, defendants filed their motion to dismiss based on several grounds including lack of personal jurisdiction. As noted above, plaintiff's complaint failed to plead the basis of the court's general or limited personal jurisdiction over defendants and, consequently, defendants addressed both possible assertions of personal jurisdiction. On January 29, 1999, plaintiff filed his response to the dismissal motion asserting limited personal jurisdiction as the basis for jurisdiction over defendants.

On April 6, 1999, the parties presented oral arguments to the magistrate judge on the motion to dismiss. Plaintiff maintained that limited personal jurisdiction was proper and did not raise or argue the possibility of general personal jurisdiction. On May 24, 1999, the magistrate judge issued his report and recommendation finding that plaintiff had failed to establish limited personal jurisdiction. However, the magistrate judge found that general personal jurisdiction did exist as to Windsor Casino. The magistrate judge further found that Ontario Casino Corporation should be dismissed as a foreign state entitled to immunity, and that the Art Gallery of Windsor should be dismissed because it was not subject to personal jurisdiction in Michigan.

On June 10, 1999, Windsor Casino filed a timely objection to the report and recommendation with the district court judge. Defendant argued that the issue of general personal jurisdiction was not before the magistrate judge, as plaintiff failed to raise the matter in his complaint or in response to the defendants' motion to dismiss. Thereafter, plaintiff did not file a response to the objection or in any manner attempt to assert general personal jurisdiction.

On September 30, 1999, more than 100 days later, the district court issued an opinion accepting defendant's objections and holding that the magistrate judge's finding of general personal jurisdiction was in error as the issue was not properly before the court. The district court found that "plaintiff only argued that defendants were subject to 'limited personal jurisdiction,' and not general jurisdiction, in its briefs in this matter and in its arguments before the magistrate judge" and, accordingly, granted the motion to dismiss as to all defendants. Plaintiff now appeals from the district court's order of dismissal of defendant Windsor Casino.[1]

## DISCUSSION

"We conduct a plenary review of personal jurisdiction issues." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1261 (6th Cir. 1996). Granting a motion to dismiss made pursuant to Fed. R. Civ. Pro.12 (b)(2) for lack of jurisdiction "is proper only if all the

---

1. Plaintiff has not appealed the dismissal of Ontario Casino Corporation and the Art Gallery of Windsor.

specific facts which the plaintiff alleges collectively fail to state a prima facie case for jurisdiction." *Id.* at 1262.

 This case presents a simple question: Whether the district court erred in dismissing plaintiff's action where plaintiff failed to plead or raise any facts which state a prima facie case for general personal jurisdiction. As previously noted, plaintiff failed to allege general personal jurisdiction, resting instead upon his assertion of limited personal jurisdiction. Moreover, plaintiff never presented arguments or facts in support of general personal jurisdiction. In fact, plaintiff failed to argue general personal jurisdiction even after Windsor Casino filed its objections to the magistrate's findings regarding general personal jurisdiction. Ultimately, the district court found that plaintiff could not establish limited personal jurisdiction and dismissed the action. In an effort to circumvent this jurisdictional deficiency, plaintiff now asserts that "when a party employs 28 U.S.C. § 1332(a)(2) as a basis for jurisdiction ... a party may prove ... jurisdiction over a foreign corporation through either of the two Michigan long arm statutes that apply to out of state corporations." Appellant's Br. at 7. He further argues that "by pleading 28 U.S.C. § 1332(a)(2) as a basis for jurisdiction, [he] placed the Court and defendants on notice that the Michigan Long Arm statute will be applied in its totality and application." Appellant's Br. at 9.

 Conversely stated, plaintiff contends that citing 28 U.S.C. § 1332 satisfies the burden to plead general personal jurisdiction. However, § 1332 merely confers subject matter jurisdiction upon the federal district court; it does not address whether the court can exercise jurisdiction over the parties before it. It is axiomatic that the basis for "hailing" a foreign defendant into court must be clearly articulated when establishing personal jurisdiction.

"He must allege in his pleading the facts essential to show jurisdiction." *McNutt v. General Motors,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). Accordingly, the district court's dismissal of this action based upon plaintiff's failure to allege a valid basis for personal jurisdiction does not constitute error.

### CONCLUSION

Because we find no error in District Court Judge Patrick J. Duggan's dismissal of this matter, we hereby AFFIRM. Defendant's motion for monetary sanctions is DENIED.